IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ROSHANDA JOHNSON                                               PLAINTIFF
*on behalf of*
A MINOR CHILD, K.A.J.[1]

vs.                              Civil No. 1:08-cv-01004

MICHAEL J. ASTRUE                                             DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Roshanda Johnson ("Plaintiff") brings this action on behalf of a minor child, K.A.J., and

pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006),

seeking judicial review of a final decision of the Commissioner of the Social Security Administration

("SSA") denying K.A.J.'s application for Supplemental Security Income ("SSI") under Title XVI

of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and

all proceedings in this case, including conducting the trial, ordering the entry of a final judgment,

and conducting all post-judgment proceedings.  (Doc. No. 4).[2]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1. Background:

Plaintiff protectively filed an application for SSI on behalf of her daughter, K.A.J., on May

---

[1] Pursuant to FED. R. CIV. P. 5.2(a)(3), Plaintiff should have only included the initials of the minor child. Therefore, the clerk is directed to change the docket sheet and redact the minor child's name from the docket sheet and include only the initials of that minor child.

[2] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

2, 2005.  (Tr. 46-49).  Plaintiff alleged K.A.J. was disabled due to scoliosis and asthma.  (Tr. 261-263).  Plaintiff alleged K.A.J.'s onset date was November 1, 2004.  (Tr. 46-49).

This application was initially denied on June 30, 2005 and was denied again on reconsideration on October 21, 2005.  (Tr. 32-35).  On November 7, 2005, Plaintiff requested an administrative hearing on this application.  (Tr. 37).  This administrative hearing was held in El Dorado, Arkansas on January 11, 2007.  (Tr. 243-266).  Plaintiff and K.A.J. were present and were represented by counsel, R. Theodor Stricker, at this hearing.  *See id.*  Only Plaintiff and K.A.J. testified at this hearing.  *See id.*  At the time of this hearing, K.A.J. was eight (8) year old and was in the second grade in school.  (Tr. 247-248).

On July 16, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for disability benefits for K.A.J.  (Tr. 12-22).  In this opinion, the ALJ determined K.A.J. was born on September 25, 1998, was a school-aged child on May 2, 2005 (the date the application was filed), and was a school-aged child on July 16, 2007 (the date of the ALJ's decision).  (Tr. 15, Finding 1).  The ALJ determined K.A.J. had not engaged in Substantial Gainful Activity ("SGA") at any time relevant to his decision.  (Tr. 15, Finding 2).  The ALJ determined K.A.J. had the following severe impairments: a history of moderate juvenile idiopathic, progressive scoliosis "successfully addressed to date with body bracing"; and asthma "which [is] medically well controlled."  (Tr. 15, Finding 3).  The ALJ also determined, however, that K.A.J. did not have an impairment or a combination of impairments that met, medically equaled, or were functionally equivalent to one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings").  (Tr. 15, Finding 4).

In this opinion, the ALJ also evaluated K.A.J.'s six domains of functioning and determined that K.A.J. did not have an impairment or combination of impairments that were functionally

2

equivalent to the Listings.  (Tr. 15-22, Finding 5).  Specifically, the ALJ determined K.A.J. did not have an extreme or marked limitation in any of her six domains of functioning.  (Tr. 15-22).  The ALJ determined K.A.J. had no limitation in the following domains: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, and (5) caring for herself.  (Tr. 15-21).  The ALJ also determined K.A.J. had a less than marked limitation in health and physical well-being.  (Tr. 21-22).

In making these determinations, the ALJ evaluated the testimony regarding K.A.J.'s subjective complaints of disability.  (Tr. 15-17).  The ALJ determined K.A.J.'s complaints of disability were not credible to the extent she alleged.  *See id.*  The ALJ based this determination upon the following four different findings: (1) K.A.J.'s school records reflected "good academic performance through 2005-2006"; (2) K.A.J. was only absent for 3.5 days from school during the 2005-2006 school year; (3) K.A.J.'s symptoms were well-controlled with only very conservative treatment approaches; and (4) K.A.J.'s medical records did not show that any treating or examining physician had ever discussed or opined that K.A.J.'s impairments were at such a level as to significantly impact her progress at school or to preclude her participation in routine activities of daily living in an age-appropriate manner.  *See id.*

Based upon these findings, the ALJ determined K.A.J. was not under a "disability," as defined by the Act, from the date her application was filed on May 2, 2005 through the date of the ALJ's decision or through July 16, 2007.  (Tr. 22, Finding 6).  On August 15, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable disability determination.  (Tr. 6).  On December 7, 2007, the Appeals Council declined to review that determination.  (Tr. 3-5).  On January 11, 2008, Plaintiff filed the present appeal.  (Doc. No. 1).  Both parties have filed appeal

briefs.  (Doc. Nos. 9-10).  The parties consented to the jurisdiction of this Court on January 25, 2008.
(Doc. No. 4).  This case is now ready for decision.

## 2. <u>Applicable Law:</u>

In reviewing this case, this Court is required to determine whether the Commissioner's
findings are supported by substantial evidence in the record as a whole.  *See* 42 U.S.C. § 405(g)
(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than
a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to
support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).
As long as there is substantial evidence in the record that supports the Commissioner's decision, the
Court may not reverse it simply because substantial evidence exists in the record that would have
supported a contrary outcome or because the Court would have decided the case differently.  *See*
*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible
to draw two inconsistent positions from the evidence and one of those positions represents the
findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065,
1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child.  On August 22,
1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of
1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)),
which provided a more stringent standard for determining eligibility for Title XVI childhood
disability benefits than the old law and prior regulations required.  *See Rucker v. Apfel*, 141 F.3d
1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess.
328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol.

62, No. 28, p. 6409. Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed her application in 2004, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924.  First, the ALJ must determine whether the minor child has engaged in substantial gainful activity.  If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment.  If a severe impairment is found, the ALJ will proceed to the third step.  At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1.  A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the standard requirements for a disability listing.  *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning.  The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself,

5

and (6) health and physical well-being.  *See* 20 C.F.R. § 416.926a(b)(1).  If the minor child claiming

benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these

domains, then the child's impairment is functionally equivalent to a disability listing.  *See id.* §

416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme."

*See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July

27, 2005).  A marked limitation is one that seriously interferes with a child's ability to independently

initiate, sustain, or complete activities.  *See* 20 C.F.R. § 416.926a(e)*.*  An "extreme" limitation is

more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her

ability to independently initiate, sustain or complete activities.  *See id.*  "Extreme" limitation is the

rating the Commissioner gives to the most serious limitations.  *See id.*

### 3. <u>Discussion:</u>

Plaintiff brings the present appeal claiming the following: (A) the ALJ improperly discounted

the testimonial evidence regarding K.A.J.'s disabling symptoms and (B) the ALJ failed to consider

K.A.J.'s enuresis as a severe impairment.  (Doc. No. 9, Pages 7-12).  In response, Defendant claims

the ALJ properly evaluated, and properly discounted, the testimony regarding K.A.J.'s subjective

complaints.  (Doc. No. 10, Pages 5-10).  Defendant also claims that the ALJ  properly considered

K.A.J.'s enuresis and properly determined that this impairment was not a severe impairment.  *See*

*id.* at 10-12.

### A. Credibility Determination

Plaintiff claims the ALJ did not properly consider the testimonial evidence regarding K.A.J.'s

impairments and improperly discounted her subjective complaints.[3]   (Doc. No. 9, Pages 7-10).

Specifically, Plaintiff claims the ALJ erred by improperly discounting the testimonial evidence

regarding K.A.J.'s claimed disability due to scoliosis and enuresis.  *See id.*  Plaintiff argues that

K.A.J.'s medical records support her claim that K.A.J. is disabled due to both of these impairments

and that the ALJ erred in discounting these medical records.  *See id.*  In response, Defendant claims

the ALJ's credibility determination is supported by substantial evidence in the record and should be

affirmed.  (Doc. No. 10, Pages 5-10).  Defendant claims the ALJ properly considered K.A.J.'s

treatment records, Plaintiff's and K.A.J.'s testimony, and other evidence in the record in making this

credibility determination.  *See id.*

        In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five

factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and

20 C.F.R. § 416.929.[4]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain;

(3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of

medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.   The factors must be

analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ

is not required to methodically discuss each factor as long as the ALJ acknowledges and examines

these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d

---

        [3] As a part of a separate claim, Plaintiff argues that the ALJ erred in evaluating K.A.J.'s daily activities. (Doc. No. 9, Pages 10-11).  Because this issue is a part of the credibility determination, this Court will address this issue as a part of the discussion of the ALJ's credibility determination.

        [4] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several

valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's

credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th

Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the

objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739

F.2d at 1322.

　　　When discounting a claimant's complaint of pain, the ALJ must make a specific credibility

determination, articulating the reasons for discrediting the testimony, addressing any

inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th

Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find

a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but

whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

　　　In the present action, the ALJ's credibility determination is supported by substantial evidence

and should be affirmed.  In evaluating the testimonial evidence regarding K.A.J.'s subjective

complaints, the ALJ first outlined the *Polaski* factors.  (Tr. 16).  Next, the ALJ evaluated those

factors and stated inconsistencies between the testimonial evidence and the record.  (Tr. 16-17).

Specifically, in evaluating those factors, the ALJ noted the following inconsistencies:  (1) K.A.J.'s

school records reflected "good academic performance through 2005-2006"; (2) K.A.J. was only

absent for 3.5 days from school during the 2005-2006 school year; (3) K.A.J.'s symptoms were well-

controlled with only very conservative treatment approaches; and (4) K.A.J.'s medical records did

not show that any treating or examining physician had ever discussed or opined that K.A.J.'s

impairments were at such a level as to significantly impact her progress at school or to preclude her

8

participation in routine activities of daily living in an age-appropriate manner.  (Tr. 15-17).  These stated inconsistencies provide substantial evidence supporting the ALJ's credibility determination, and accordingly, that determination should be affirmed.  *See Kittler v. Astrue,* No. 06-2225, 2007 WL 1390639, at *1 (8th Cir. May 14, 2007) (holding that where the ALJ gives multiple valid reasons for finding a claimant's subjective complaints are not entirely credible, the court should defer to those credibility findings).

### B. Consideration of Enuresis

Plaintiff also claims the ALJ erred by failing to find K.A.J.'s enuresis was a severe impairment.  (Doc. No. 9, Pages 11-12).  Specifically, Plaintiff claims that the treatment records from Dr. Aronson support her claim that K.A.J. is disabled due to enuresis.  *See id.*  In response, Defendant claims that the ALJ properly evaluated K.A.J.'s enuresis and properly determined that her enuresis was not a severe impairment.  (Doc. No. 10, Pages 10-12).

In her application for disability and at the administrative hearing, neither Plaintiff nor K.A.J. claimed K.A.J.'s enuresis was disabling.[5]  (Tr. 77, 243-266).  The ALJ is not required to evaluate impairments not claimed in either a disability application or at the administrative hearing.  *See Pena v. Chater,* 76 F.3d 906, 909 (8th Cir. 1996) (holding that "the administrative law judge is under no 'obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability'") (quoting *Brockman v. Sullivan,* 987 F.2d 1344, 1348 (8th Cir. 1993)).  Therefore, because Plaintiff did not properly raise this issue and because the ALJ was not required to evaluate this issue,  the ALJ did not err by finding that K.A.J.'s enuresis was not a severe impairment.

_____

[5]The Court also notes that while Plaintiff claimed asthma as a disabling condition in her original application, there was no claim of error based on the ALJ's finding regarding her severe impairment of asthma.

**4. <u>Conclusion:</u>**

Based upon the foregoing, this Court finds that the ALJ's determination, that K.A.J.'s impairments were not medically or functionally equivalent to a Listing, is supported by substantial evidence in the record and should be affirmed.   A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 17th day of December, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE